UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Mong C._____Petitioner,<br><br>v.<br><br>Kristi Noem, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,<br><br>Respondents. | Civ. No. 26-1541 (JWB/DLM)<br><br>ORDER ON<br>PETITION FOR<br>WRIT OF HABEAS CORPUS |

---

Daniel P. Suitor, Esq., Daniel P. Suitor, PLLC, counsel for Petitioner.

David W. Fuller, Esq., and David R. Hackworthy, Esq., United States Attorney's Office, counsel for Respondents.

---

Petitioner Mong C.[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241 and challenges his re-detention after more than six years of release under an Order of Supervision. Petitioner contends that Respondents lacked the regulatory authority to revoke his release and failed to comply with mandatory procedures governing re-detention.

Petitioner does not challenge the validity of his removal order or the government's

---

[1] This District has a policy of using last name initials for any nongovernmental parties in immigration cases.

decision to commence removal proceedings. He challenges only the lawfulness of his re-detention considering the statutory and regulatory limits that govern the Department of Homeland Security's ("DHS") custody authority. Thus, this Court has jurisdiction under 28 U.S.C. § 2241.

Because Respondents failed to satisfy the regulatory requirements authorizing re-detention, the Petition is granted to the extent it seeks Petitioner's release.

## BACKGROUND

Petitioner Mong C. is a Hmong refugee from Laos who was ordered removed from the United States in 2004 after being convicted of two felonies. (Doc. No. 1, Petition ¶¶ 2, 15, 24–25.) After serving 18 years in prison, he was released on parole in 2019. (*Id.* ¶ 25.) At that time, his custody transferred from the Minnesota Department of Corrections to the Department of Homeland Security ("DHS"). (Doc. No. 6 at 2.) He then served 90 days in U.S. Customs and Immigration Enforcement ("ICE") detention and was released under an Order of Supervision because the government could not execute his removal order. (Petition ¶¶ 2, 26.) He was also served with a Form I-862 Notice to Appear. (Doc. No. 6 at 2.)

Petitioner has remained under supervision and lived in the community for over six years. (Petition ¶ 25.) He has complied with all conditions of his Order of Supervision, has not violated any parole or supervision conditions, and has not committed any new crime. (*Id.* ¶¶ 2, 25, 26.)

On January 2, 2026, ICE agents arrested Petitioner without a warrant in front of his house in Fridley, Minnesota. (*Id.* ¶¶ 5–6, 15, 28.) He has remained detained in

Kandiyohi County Jail since that date. (*Id.* ¶¶ 10, 15.)

Respondents have not identified any violation of Petitioner's supervision conditions, any travel documents obtained to effectuate removal, or confirmed that Laos or any other country is willing to accept him. (*Id.* ¶¶ 8, 27, 30.) Petitioner has also not received a Notice of Revocation of Release identifying the reasons for re-detention, a Notice of Custody Determination, or any written explanation of changed circumstances supporting re-detention. (*Id.* ¶¶ 8, 29.)

## DISCUSSION

### I.      Legal Standard

A writ of habeas is available where a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Federal courts have jurisdiction to consider § 2241 petitions challenging continued detention following a final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). The petitioner bears the burden of establishing unlawful detention by a preponderance of the evidence. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting cases).

### II.     Analysis

#### A.     The Government's Authority to Re-Detain a Noncitizen Released Under § 241.13.

The government's authority to detain a noncitizen subject to a final order of removal is limited. Detention beyond the removal period is lawful only where removal is significantly likely to occur in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at

3

699–701. When removal is not reasonably foreseeable, continued detention is not authorized, and release under supervision is required. *Id.* at 699.

DHS implemented the requirements of *Zadvydas* through regulations governing post-removal order custody determinations. *See* 8 C.F.R. §§ 241.4, 241.13. Under 8 C.F.R. § 241.13, ICE must release a noncitizen where removal is not reasonably foreseeable, and no special circumstances justify continued detention. Once a noncitizen has been released under § 241.13, ICE may revoke that release only in limited circumstances: a violation of supervised conditions or changed circumstances demonstrating a significant likelihood of removal in the reasonably foreseeable future. *Id.* § 241.13(i).

These limits are not discretionary. The government is bound to follow the regulations it has promulgated. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954) (holding that an agency is required to adhere to its own regulations).

### B.     Respondents Failed to Establish Changed Circumstances or a Significant Likelihood of Removal

Respondents do not contend that Petitioner violated the conditions of his Order of Supervision. Re-detention therefore can be justified only upon a showing of changed circumstances demonstrating that removal is now significantly likely to occur in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2).

Respondents have not made that showing. They have not identified any receiving country, any travel documents, any diplomatic communications or any concrete removal plan. Generalized assertions that Respondents are "currently working on" or "in the

CASE 0:26-cv-01541-JWB-DLM   Doc. 7   Filed 02/24/26   Page 5 of 8

process" of obtaining travel documents from Laos do not satisfy § 214.13 or *Zadvydas*. (*See* Doc. No. 6 at 2, 7.)

Decisions from this District applying § 241.13 to similar records have treated the absence of a receiving country, travel documents, or a concrete removal plan as dispositive. *See, e.g.*, *Liban O. v. Bondi*, Civ. No. 25-4560 (JWB/ECW), Doc. No. 10 (D. Minn. Dec. 17, 2025); *Yee S. v. Bondi*, No. 25-cv-2782 (JMB/DLM), 2025 WL 2879479, at *4 (D. Minn. Oct. 9, 2025); *Mahamed R. v. Bondi*, No. 25-cv-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Sarail A. v. Bondi*, No. 25-cv-2144 (ECT/JFD), 2025 WL 2533673, at *7 (D. Minn. Sept. 3, 2025). Further, nothing in the present record meaningfully distinguishes the circumstances that led to Petitioner's release in 2019 from those that exist today.

### C. ICE Failed to Comply with the Procedural Requirements for Revoking Release

Even where a substantive basis for re-detention exists, § 241.13 imposes mandatory procedural requirements. ICE must notify the noncitizen of the reasons for revocation and conduct an initial informal interview promptly after returning the noncitizen to custody. 8 C.F.R. § 241.13(i)(3).

Those requirements were not met here. Petitioner did not receive notice identifying the reasons for revocation prior to his re-detention. (Petition ¶¶ 8, 29.) Conclusory or post-hoc notices do not satisfy the regulation.

Failure to comply with these procedural requirements independently renders continued detention unlawful. *Accardi*, 347 U.S. at 268.

5

### III. Relief

Because Respondents failed to comply with the substantive and procedural requirements governing re-detention under 8 C.F.R. § 241.13, Petitioner's continued detention is unlawful. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (noting that release is the "typical remedy" for "unlawful executive detention"). Petitioner is entitled to immediate release subject to the conditions of his existing Order of Supervision.

The Petition also alleges that Petitioner's re-detention occurred against a broader backdrop of targeted detention of an "entire class of people, based on their race, ethnicity, and country of origin"—the Hmong community. (Petition ¶¶ 8, 23.) Petitioner contends that these circumstances reflect discriminatory or selective enforcement. (*See id.*) Those allegations are not resolved here. The disposition rests on Respondents' failure to comply with the substantive and procedural requirements governing re-detention under 8 C.F.R. § 241.13. Consequently, no determination is required as to motive, intent, or the constitutional claims advanced.

This Order does not bar future custody action taken in compliance with the governing law.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

    1.    Petitioner Mong C.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.

    2.    **Release**. Respondents shall immediately release Petitioner from custody.

He must be released in Minnesota subject to any conditions of his 2019 Order of Supervision. At the time of Petitioner's release, Respondents shall return to Petitioner all personal property in Respondents' custody or control, including but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment. Release may not be delayed for any reason related to the retrieval, processing, or return of such property. Any delay or failure to effectuate release in accordance with this paragraph constitutes noncompliance with this Order.

If Petitioner is currently held outside Minnesota, Respondents shall immediately initiate Petitioner's return to Minnesota for the sole purpose of effectuating release. Respondents shall not delay initiation of return based on administrative convenience, transportation availability, or detention-capacity considerations.

Upon Petitioner's arrival in Minnesota, Respondents shall effectuate release forthwith. If, at the time release would otherwise occur, weather conditions would expose Petitioner to extreme cold or other reasonably dangerous conditions, Respondents may delay physical release only for the brief period necessary to effectuate release in a safe manner. Respondents shall employ the earliest reasonably available safe means of release and may not delay release where a safe option is available. Any such delay must be strictly limited and must not be used to justify continued custody, supervision, or discretionary release authority.

3.     **Notice.** Respondents shall file an update on the status of Petitioner's release by 5:19 p.m. on February 26, 2026. In the update, Respondents must confirm the time, date, and location of the release or anticipated return and release. If Petitioner has been

removed from Minnesota, Respondents must file a confirmation of the time, date, and location of release promptly upon Petitioner's arrival in Minnesota.

4. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. For the avoidance of doubt, Respondents' compliance with this Order requires Petitioner's immediate release in Minnesota without any newly issued instrument that either imposes new conditions of supervision or restraint or restates previously imposed conditions. Any such conditions imposed at the time of Petitioner's release shall be considered null and void as inconsistent with this paragraph.

5. Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 24, 2026  
Time: 5:19 p.m.

*s/ Jerry W. Blackwell*  
JERRY W. BLACKWELL  
United States District Judge